UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LAWRENCE LENK,<br><br>    Plaintiff,<br><br>    v.<br><br>MONOLITHIC POWER SYSTEMS, INC.,<br><br>    Defendant. | Case No.15-cv-01148-NC<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 59 |

Plaintiff Kenneth Lenk appears pro se and sues his former employer, Monolithic Power Systems for wrongful "constructive" termination. Lenk was employed by MPS for about a year before he left. During that year, Lenk alleges that MPS did not pay him a 25% bonus that he was owed, and forced Lenk to end his employment using a variety of unlawful tactics. Lenk brings nine state law causes of action and two federal claims, all of which MPS has moved to dismiss.

The Court finds that Lenk's federal claims fail as a matter of law because he did not engage in protected activity under the FLSA, and he has not alleged a disability under the ADA. The Court DISMISSES these claims without leave to amend. As a result, the Court declines to exercise jurisdiction over the state law claims, unless Lenk demonstrates that this Court has diversity jurisdiction over those claims. The Court permits limited additional briefing, as outlined in the conclusion of this order.

/

Case No. 15-cv-01148-NC

## I. BACKGROUND

### A. Judicial Notice

Generally, the Court considers only the facts presented in the complaint at issue to determine the sufficiency of the claims. *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011). Here, MPS has requested judicial notice of two documents Lenk quotes in the complaint, but does not provide: Lenk's offer letter with MPS and the MPS handbook. The Court may also consider unattached evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *Id*. (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Court finds that the complaint necessarily relies on these documents; therefore, the request for judicial notice is GRANTED.

Additionally, Lenk includes a number of factual assertions in his opposition to the motion to dismiss which are not contained in the complaint, and not provided for in a sworn declaration. Dkt. No. 64. Lenk includes further exhibits "to clarify" his position with the opposition, but these are not documents relied on in the complaint. Dkt. No. 65. The Court DENIES Lenk's request for judicial notice as to these documents. However, the Court will consider the assertions made in the opposition and included as part of Lenk's request for judicial notice to be proffered facts that could be included in a future complaint, should the Court grant leave to amend.

### B. Facts

On January 31, 2012, plaintiff Kenneth Lenk was contacted by an employment agent for possible employment at defendant Monolithic Power Systems, Inc. ("MPS"). Second Amended Complaint ("SAC") ¶ 6. On March 12, 2012, MPS offered Lenk employment as the Director of Marketing of Automotive and Industrial Products, in an offer letter signed by MPS's President and CEO. Dkt. No. 60, Exh. A. According to the offer letter, Lenk was to be paid $175,000 annual salary, with a signing bonus of $20,000 to be repaid if Lenk left before completing two years of employment. *Id.* In addition,

Case No.15-cv-01148-NC              2

Lenk was offered 8,000 restricted stock units, which vest over a period of four years, and he was eligible to participate in the company's semi-annual bonus program. *Id.* Lenk accepted the offer and began working for MPS on March 30, 2012. SAC ¶ 8. Sometime in March 2013, Lenk left MPS. SAC ¶ 13.

Lenk alleges that his departure from MPS was a "constructive discharge" because MPS did not pay him a bonus, did not reimburse work related expenses, engaged in harassment, reduced his job function and role, and inhibited his success. SAC ¶ 10. Lenk alleges that he was not told that a bonus would be subject to the manager's discretion. SAC ¶ 35. Lenk alleges that MPS's employment agent represented that a 25% bonus would be part of his compensation package, and that the agent acted as a representative of MPS. SAC ¶ 50. Lenk also alleges that MPS "falsely represented the permanent work location" because they moved to a new location one month after Lenk's start date. SAC ¶ 52.

In 2012, Lenk became a participant in the Automotive Electronics Council (AEC), an industry committee that addresses quality, protocol, and policy issues. SAC ¶¶ 112-116. Lenk alleges: "On January 12, 2013 Plaintiff's Manager Sciammas, in violation of AEC standards, overrode Plaintiff's decision to notify customer of a non-standard product (Plaintiff requested a customer signed waiver to ship per industry and AEC protocol standards). Manager Sciammas also requested to stop documentation on this (to avoid paper trails and liability)." SAC ¶ 118. Lenk alleges that after this event, he was subject to adverse employment actions including denial of bonus payments, denial of expense payments, reduction of job function, and unfair performance goal scoring. SAC ¶ 121.

Additionally, Lenk alleges that Sciammas, a manager at MPS "discriminated against Plaintiff during the time of his disability. The discrimination reduced Plaintiff's performance score, which ultimately lead to non-payment of the company bonus and is a reduction of employee compensation." SAC ¶¶ 131-32.

//

### C. Procedural History

Lenk appears pro se in this action and sued MPS on March 11, 2015, for wrongful constructive termination of his employment, seeking damages including for an alleged unpaid bonus. Dkt. No. 1. MPS moved to dismiss the complaint on June 15, 2015. Dkt. No. 25. On the same day, MPS filed a counter claim, alleging that Lenk must repay the $20,000 advance signing bonus because he did not stay with MPS for the requisite two years of employment. Dkt. No. 28. On June 29, Lenk amended his complaint, and moved to dismiss the counter claim. Dkt. Nos. 35, 36. The Court denied Lenk's motion to dismiss. Dkt. No. 51. MPS moved to dismiss Lenk's first amended complaint, and the Court granted Lenk a short stay to obtain counsel and file an opposition to the motion. Dkt. Nos. 44, 51. The parties then stipulated to allow Lenk to file a second amended complaint, which he filed on August 11, 2015. Dkt. No. 54. Now, MPS moves to dismiss the second amended complaint. Dkt. No. 59. The Court held a hearing on the motion on September 30, 2015. Dkt. No. 68.

Lenk's second amended complaint contains eleven causes of action. Dkt. No. 54. Of those causes of action, two are federal claims: count 6 is brought under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3); and claim 7 is brought under the Americans with Disabilities Act. *Id.* The other nine claims are state law breach of contract claims, intertwined with California Labor Code claims. *Id.*

### D. Jurisdiction

Lenk was a resident of Santa Clara County, California. SAC ¶ 4. Lenk states that MPS was at all relevant times doing business in Santa Clara County, California. SAC ¶ 5. Lenk claims jurisdiction based on 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity). All parties have consented to the jurisdiction of a magistrate judge. Dkt. No. 18 at 5.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a

Case No.15-cv-01148-NC           4

motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

Lenk sets forth nine state law claims, and two federal causes of action: (A) violation of the FLSA; and (B) violation of the ADA. The Court first addresses the federal law claims.

### A. Fair Labor Standards Act Claim

As to the FLSA claim, Lenk states in his opposition: "Plaintiff will remove this count from his action. If all other counts fail to survive, Plaintiff respectfully requests leave of court to correct this count to address the fraud laws it failed to address in this action." Dkt. No. 64 at 11. Therefore, the Court limits its consideration to whether amendment would be futile.

The Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) provides that it is unlawful "to discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." A plaintiff must prove that (1) he engaged in statutorily protected conduct under section 115(a)(3) of the FLSA; (2) he suffered from an adverse employment

Case No.15-cv-01148-NC           5

action; and (3) a causal link between the conduct and adverse employment action. *Nnachi v. City & Cnty. of S.F.*, No. 13-cv-5582 KAW, 2015 WL 1743454, at *4 (N.D. Cal. Apr. 16, 2015). Protected activity includes filing a complaint or instituting a proceeding "under or related to" the FLSA. *See* 29 U.S.C. § 215(a)(3).

According to the Ninth Circuit, "complaints filed 'under' the FLSA are those complaints provided for in the Act, i.e., those complaints filed with the Department of Labor or the federal court as specified in the Act. Complaints that are not 'under' the FLSA but are 'related to' it, on the other hand, are those complaints filed outside of court and the Department of Labor that relate to the subject matter of the FLSA." *Lambert v. Ackerley*, 180 F.3d 997, 1004-05 (9th Cir. 1999); *see also Contreras v. Corinthian Vigor Ins. Brokerage, Inc.*, 103 F. Supp. 2d 1180, 1184-85 (N.D. Cal. 2000) (finding that a complaint to the state labor commissioner constituted protected activity because it was related to the subject matter of the FLSA). The principal purpose of the FLSA is "to protect all covered workers from substandard wages and oppressive working hours." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1150 (9th Cir. 2000); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).

Here, Lenk alleges that he suffered an adverse employment action (his constructive discharge) for complaining to his supervisor that the company was not in compliance with an industry committee's standards. SAC ¶¶ 112-116. The industry committee, Automotive Electronics Council (AEC), addresses quality, protocol, and policy issues. SAC ¶¶ 112-116. Lenk does not allege that a violation of AEC standards is protected under the FLSA, that the subject matter of his manager's violations was related to substandard wages and oppressive working hours, or point to a specific section of the FLSA that Lenk believes MPS violated.

"A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Because the Court concludes that this factual scenario cannot qualify as protected activity under the FLSA,

Case No.15-cv-01148-NC                6

1  defendant's motion to dismiss is GRANTED without leave to amend.

**B.     Americans with Disabilities Act Claim**

Lenk's seventh cause of action is titled, "wrongful constructive termination in violation of public policy and 42 U.S. CODE § 12112." Wrongful termination in violation of public policy is a state law cause of action that provides a remedy for individuals terminated in retaliation for engaging in protected activity. *See Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 167 (1980). However, liberally construing the pleadings, it appears that Lenk is alleging that MPS violated the ADA, a federal law that can stand alone as a cause of action. 42 U.S.C. § 12112. Therefore, without reaching defendant's argument that Lenk has failed to allege wrongful termination in violation of public policy, the Court considers the underlying allegation of an ADA violation.

The ADA prohibits an employer form discriminating "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112. A plaintiff must allege that he is a qualified individual with a disability, that his employer discriminated against him, and a causal link. *Sanders v. Arneson Prod. Inc.*, 91 F.3d 1351, 1535 (9th Cir. 1996). "Under the ADA, a disability is a 'physical or mental impairment that substantially limits one or more of the major life activities' of the individual claiming the disability." *Gomez v. Am. Bldg. Maint.*, 940 F. Supp. 255, 258 (N.D. Cal. 1996) (quoting 29 C.F.R. § 1630.2(g)(1)). "The inability to perform a single, particular job is insufficient." *Id.* (citing *Holihan v. Lucky Stores, Inc.*, 87 F.3d 362, 365–66 (9th Cir. 1996)).

Here, Lenk states no facts regarding what his alleged disability is in his complaint. Thus, the Court finds it appropriate to GRANT defendant's motion to dismiss.

In determining whether to permit leave to amend, the Court considers Lenk's factual proffers in his opposition brief. Lenk proffers that "he had a disability (use of his right hand for typing) that occurred during his Japan Sales trip. Plaintiff was unable to provide normal work output, due to the injury to his right hand. Plaintiff alleges manager Sciammas reduced his performance score for failing to produce documents at the time Plaintiff was unable to use his right hand, a violation of 42 U.S. CODE § 12112." Dkt.

Case No.15-cv-01148-NC            7

No. 64 at 11. From Lenk's factual proffers, it appears that his main complaint has to do with an injury that occurred during a business trip. This injury does not qualify as a disability as defined by the ADA, without further allegations that it "substantially limits" a major life activity. *See* 29 C.F.R. 1630.2(g)(1)(i); *see also Shaw-Owens v. The Bd. of Trustees of California State Univ.*, No. 13-cv-2627 SI, 2013 WL 4758225, at *2 (N.D. Cal. Sept. 4, 2013) (dismissing ADA claim because plaintiff failed to allege an injury that substantially limits a major life activity). Here, Lenk has had three complaints, an opposition, and a hearing to proffer additional facts that would rise to the level of an ADA claim. He has not done so, and therefore, the Court concludes that further amendment would be futile. Thus, the Court grants defendant's motion to dismiss as to this claim without leave to amend.

### C. Jurisdiction

The Court has concluded that the two federal law claims must be dismissed without leave to amend, so only state law claims remain. Generally, federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In most cases, original federal subject matter jurisdiction may be premised on two grounds: (1) federal question jurisdiction, or (2) diversity jurisdiction.

A district court has federal question jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). When a Court has federal question jurisdiction, it has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. However, a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). The Supreme Court has cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "[I]n the usual case in

Case No.15-cv-01148-NC            8

which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford*, 625 F.3d at 561 (citations omitted). In this case, the Court had dismissed all of Lenk's federal claims, and declines to maintain supplemental jurisdiction over his state law claims to avoid "needless decisions of state law," unless an independent basis for jurisdiction exists. *See Gibbs*, 383 U.S. at 726; 28 U.S.C. § 1367(c)(3).

An independent basis for jurisdiction could exist over the state law claims under diversity jurisdiction. 28 U.S.C. § 1332. District courts have diversity jurisdiction over state law claims "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between citizens of different states. *Id*. The party asserting federal jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. In this case, Lenk bears the burden of demonstrating three additional pieces of information in order to demonstrate jurisdiction is proper in federal court: (1) his citizenship; (2) MPS's citizenship (and that Lenk and MPS are citizens of different states); and (3) the amount in controversy exceeds $75,000.

### 1. Individual's Citizenship

Initially, the relevant timeframe for determining citizenship is when the complaint is filed. *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001). For diversity purposes, an individual's citizenship is determined by the state in which the individual is domiciled, not in which he resides. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). When an individual moves from one state to another, his domicile remains with the origin state until he demonstrates (a) physical presence at the new location with (b) an intention to remain there indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). To demonstrate intent to remain indefinitely in the new state, a plaintiff may provide evidence of such intent, such as the length of residence, employment,

Case No.15-cv-01148-NC          9

location of assets, voting registration, address on driver's license, payment of state taxes, and representations in public documents. *See Middleton v. Stephenson*, 749 F.3d 1198, 1201-02 (10th Cir. 2014). Here, Lenk alleges that he was a resident of California at the time of the actions in the complaint; however, his current address is listed as an Arizona address. Therefore, the Court is unclear where Lenk is domiciled, and in which state he is a citizen.

### 2. Corporation's Citizenship

Citizenship of a corporation requires a different legal test. A corporation is a citizen of the states in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities," normally where the corporation maintains its headquarters, *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010); *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012). Here, Lenk alleges that MPS was "doing business" in California. FAC ¶ 5. Additionally, MPS's offer letter lists MPS's CEO at a California address, leading the Court to infer that MPS's nerve center is likely in California.

### 3. Amount in Controversy

Finally, Lenk must demonstrate that all the remaining causes of action in the complaint present a controversy that exceeds $75,000. The amount in controversy is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977). Here, Lenk's complaint does not specify the value of damages he seeks.

**IV. CONCLUSION**

The Court GRANTS MPS's motion to dismiss on the federal causes of action, claim 6 under the FLSA and claim 7 under the ADA, without leave to amend. Finding that the Court may not have jurisdiction over the remaining claims, the Court reserves determining the motion to dismiss as to all other claims until jurisdiction is established.

/

Case No.15-cv-01148-NC  10

On the jurisdictional issue, Lenk must set forth the basis for diversity jurisdiction as outlined above.  Because the Court is asking for additional facts to make its determination, Lenk should provide the Court with a declaration that asserts the relevant additional facts.  The declaration should include statements about the veracity of any exhibits included to support his assertions.[1]  In addition to declarations and exhibits, the parties may submit no more than 3 pages of briefing (which may contain legal argument) on the jurisdictional issue only.  Lenk's additional briefing and declarations are due by October 30, 2015.  MPS may respond by November 6, 2015.

**IT IS SO ORDERED.**

Dated:  October 19, 2015                    _____
                                            NATHANAEL M. COUSINS
                                            United States Magistrate Judge

---

[1] Lenk may find further information about the form and content of declarations in the Northern District's Pro Se Handbook at page 31, and the Northern District Local Rule 7-5.

Case No.15-cv-01148-NC          11