UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH LAWRENCE LENK,

      Plaintiff,

    v.

MONOLITHIC POWER SYSTEMS, INC.,

      Defendant.

Case No.15-cv-01148-NC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AS TO LENK'S STATE LAW CLAIMS**

Re: Dkt. No. 59

      Plaintiff Kenneth Lenk sues his former employer, Monolithic Power Systems, for wrongful "constructive" termination. Lenk was employed by MPS for about one year before he left. During that year, Lenk alleges that MPS did not pay him a 25% bonus that he was owed, and forced Lenk to end his employment using a variety of unlawful tactics. The Court previously dismissed Lenk's federal causes of action without leave to amend, and now considers Lenk's nine state law causes of action.

      Because the Court finds that Lenk's employment agreement states that he was an at will employee and not entitled to a bonus, the Court finds that Lenk's breach of contract claims fail as a matter of law. In addition, Lenk has not provided sufficient facts to demonstrate that his resignation was a constructive discharge. In total, Lenk's second amended complaint provides few facts, and many of his causes of action appear to be unrelated to the facts of his case.

/

Case No. 15-cv-01148-NC

The Court DISMISSES all claims in the complaint.  The Court grants Lenk leave to amend on two claims: California Labor Code § 970, and constructive termination in violation of public policy, California Labor Code § 2802.

I.      BACKGROUND

A.      Judicial Notice

Generally, the Court considers only the facts presented in the complaint at issue to determine the sufficiency of the claims.  *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011).  Here, MPS has requested judicial notice of two documents Lenk quotes in the complaint, but does not provide: Lenk's offer letter with MPS and the MPS handbook.  The Court may also consider unattached evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document.  *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The Court finds that the complaint necessarily relies on these documents; therefore, the request for judicial notice is GRANTED.

Additionally, Lenk includes a number of factual assertions in his opposition to the motion to dismiss which are not contained in the complaint, and not provided for in a sworn declaration.  Dkt. No. 64.  Lenk includes further exhibits "to clarify" his position with the opposition, but these are not documents relied on in the complaint.  Dkt. No. 65.  The Court DENIES Lenk's request for judicial notice as to these documents.  However, the Court will consider the assertions made in the opposition and included as part of Lenk's request for judicial notice to be proffered facts that could be included in a future complaint, should the Court grant leave to amend.

B.      Facts

On January 31, 2012, plaintiff Kenneth Lenk was contacted by an employment agent, Charly Barr, for possible employment at defendant Monolithic Power Systems, Inc. ("MPS").  Second Amended Complaint ("SAC") ¶ 6.  On March 12, 2012, MPS offered Lenk employment as the Director of Marketing of Automotive and Industrial Products, in

United States District Court
Northern District of California

an offer letter signed by MPS's President and CEO.  Dkt. No. 60, Exh. A.  According to the offer letter, Lenk was to be paid an $175,000 annual salary, with a signing bonus of $20,000 to be repaid if Lenk left before completing two years of employment.  *Id.*  In addition, Lenk was offered 8,000 restricted stock units, which vest over a period of four years, and he was eligible to participate in the company's semi-annual bonus program.  *Id.* Lenk accepted the offer and began working for MPS on March 30, 2012.  SAC ¶ 8. Sometime in March 2013, Lenk left MPS.  SAC ¶ 13.

Lenk alleges that his departure from MPS was a "constructive discharge" because MPS did not pay him a bonus, did not reimburse work-related expenses, engaged in harassment, reduced his job function and role, and inhibited his success.  SAC ¶ 10.  Lenk alleges that he was not told that a bonus would be subject to the manager's discretion. SAC ¶ 35.  Lenk alleges that Barr represented that a 25% bonus would be part of his compensation package, and that Barr acted as a representative of MPS.  SAC ¶ 50.  Lenk also alleges that MPS "falsely represented the permanent work location" because they moved to a new location one month after Lenk's start date.  SAC ¶ 52.

In 2012, Lenk became a participant in the Automotive Electronics Council (AEC), an industry committee that addresses quality, protocol, and policy issues.  SAC ¶¶ 112-116.  Lenk alleges: "On January 12, 2013 Plaintiff's Manager Sciammas, in violation of AEC standards, overrode Plaintiff's decision to notify customer of a non-standard product (Plaintiff requested a customer signed waiver to ship per industry and AEC protocol standards).  Manager Sciammas also requested to stop documentation on this (to avoid paper trails and liability)."  SAC ¶ 118.  Lenk alleges that after this event, he was subject to adverse employment actions including denial of bonus payments, denial of expense payments, reduction of job function, and unfair performance goal scoring.  SAC ¶ 121.

Additionally, Lenk alleges that Sciammas, a manager at MPS "discriminated against Plaintiff during the time of his disability.  The discrimination reduced Plaintiff's performance score, which ultimately lead to non-payment of the company bonus and is a reduction of employee compensation."  SAC ¶¶ 131-32.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.   Procedural History

Lenk appears pro se in this action and sued MPS on March 11, 2015, for wrongful constructive termination of his employment, seeking damages including for an alleged unpaid bonus. Dkt. No. 1. MPS moved to dismiss the complaint on June 15, 2015. Dkt. No. 25. On the same day, MPS filed a counterclaim, alleging that Lenk must repay the $20,000 advance signing bonus because he did not stay with MPS for the requisite two years of employment. Dkt. No. 28. On June 29, Lenk amended his complaint and moved to dismiss the counterclaim. Dkt. Nos. 35, 36. The Court denied Lenk's motion to dismiss. Dkt. No. 51. MPS moved to dismiss Lenk's first amended complaint, and the Court granted Lenk a short stay to obtain counsel and file an opposition to the motion. Dkt. Nos. 44, 51. The parties then stipulated to allow Lenk to file a second amended complaint, which he filed on August 11, 2015. Dkt. No. 54. Now, MPS moves to dismiss the second amended complaint. Dkt. No. 59. The Court held a hearing on the motion on September 30, 2015. Dkt. No. 68.

Lenk's second amended complaint contains eleven causes of action. Dkt. No. 54. On October 20, 2015, the Court dismissed the two federal claims without leave to amend. Dkt. No. 70. Because it was unclear whether diversity jurisdiction existed over the remaining state law claims, the Court ordered the parties to further brief the question of the Court's jurisdiction. Dkt. No. 70. The parties agreed that Lenk was a citizen of Arizona at the time the complaint was filed, while MPS was a citizen of Delaware and California, and the amount in controversy exceeds $75,000. The Court agreed and found that jurisdiction is proper. Dkt. No. 77. The Court now considers the state law claims in Lenk's second amended complaint.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-

38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, a Court must grant leave to amend freely. Fed. R. Civ. P. 15(a). However, in granting leave to amend, the Court considers: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). In *Lockheed Martin Corp. v. Network Solutions, Inc.*, the Ninth Circuit determined that the district court properly denied leave to amend because the plaintiff's "legal basis for a cause of action is tenuous, [so] futility supports the refusal to grant leave to amend." 194 F.3d 980, 986 (9th Cir. 1999)(citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

In addition, a court may also consider whether the plaintiff has previously amended his complaint. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 n.3 (9th Cir.1987). "Where a court has already provided the plaintiff one or more opportunities to amend her complaint, its discretion over further amendments is particularly broad." *Dauth v. Convenience Retailers, LLC*, 13-cv-047 MEJ, 2013 WL 4225587, at *2 (N.D. Cal. July 31, 2013).

## III. DISCUSSION

Lenk's remaining state law claims are: (A) Covenant of Good Faith and Fair Dealing, Breach of Contract; (B) California Labor Code § 970; (C) California Labor Code § 976; (D) California Labor Code § 2751; (E) Wrongful Constructive Termination in Breach of Contract; (F) Wrongful Constructive Termination in Violation of Public Policy

United States District Court
Northern District of California

and California Labor Code § 132A; (G) California Labor Code § 223; (H) California Labor Code § 1102.5; (I) California Labor Code § 2802(a).  The Court addresses each of these claims in turn.

Preliminarily, the Court concludes that although Lenk is no longer domiciled in California, he may avail himself of California state law as to the claims in this complaint. "It is well-settled that in diversity cases federal courts must apply the choice-of-law rules of the forum state." *Estate of Darulis v. Garate*, 401 F.3d 1060, 1062 (9th Cir. 2005). Under California's choice-of-law rule, California law applies unless a party objects. *Hurtado v. Superior Court*, 11 Cal. 3d 574, 581 (1974); *PlasPro GMBH v. Gens*, No. 09-cv-04302 PSG, 2011 WL 1000755, at *3 (N.D. Cal. Mar. 21, 2011).  Additionally, the law of the place of contracting determines the enforcement and validity of the contract. Restatement (First) of Conflict of Laws § 332 (1934).  The complaint asserts that the transactions at issue took place in substantial part in California.  Additionally, no party objects to the application of California law.

### A.   Violation of Covenant of Good Faith and Fair Dealing, and Breach of Contract

In his first cause of action, Lenk alleges a "violation of the covenant of good faith and fair dealing, breach of contract."  While this is proposed as a single cause of action, it must be analyzed as several components.  The Court will first address the breach of contract as an independent claim.  Because the covenant of good faith and fair dealing is not alone a cause of action, the Court will address it separately.  *See Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 36 (1995) (the covenant of good faith and fair dealing cannot "be endowed with an existence independent of its contractual underpinnings").

### 1.   Breach of Contract

Under California law, a breach of contract claim requires plaintiff to prove "the existence of contract, plaintiff's performance of that contract or excuse for failure to perform, defendant's breach, and damage to plaintiff resulting therefrom." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006) (citing 4 Witkin, Cal.

United States District Court
Northern District of California

United States District Court
Northern District of California

Procedure (4th ed. 1997) Pleading, § 476 at 570).  Here, Lenk points to two interactions with MPS that formed a contract: his communication with the hiring agent, Barr; and Lenk's offer letter from MPS, which became his employment agreement once signed.

### a.   Interaction with Barr

Lenk alleges that his interactions with Barr constituted a contract on behalf of MPS that Lenk would receive a 25% annual bonus, in addition to his salary and stock options. MPS argues that Barr was not an agent of MPS, so had no authority to make legally binding representations of Lenk's terms of employment with MPS.  Because the Court takes the facts in the complaint as true, the Court assumes for the purposes of a motion to dismiss that Barr was an agent of MPS.  Here, Lenk's contract claim is premised on an email exchange with Barr that occurred before Lenk signed his employment agreement or accepted employment with MPS.  SAC ¶ 6.

The first element of breach of contract requires the existence of a contract.  "A contract is an agreement to do or not to do a certain thing."  Cal. Civ. Code § 1549. Generally, advertisements are not treated as an offer to enter into a contract, but merely an invitation to bargain, and thus cannot be construed as a contract if accepted.  *Harris v. Time, Inc.*, 191 Cal. App. 3d 449, 455 (1987), *as modified* (May 21, 1987).  Additionally, "a manifestation of willingness to enter into a bargain is not an offer" but rather an invitation to negotiate a contract.  Restatement (Second) of Contracts § 26.  Finally, when the parties reduce an agreement to a writing, which in view of its completeness and specificity reasonably appears to be a complete agreement, it is considered an integrated agreement.  Restatement (Second) of Contracts § 209.  "A binding integrated agreement discharges prior agreements to the extent that it is inconsistent with them."  Restatement (Second) of Contracts § 213.

Here, Lenk alleges that Barr is an agent for MPS and approached him about a job with MPS.  SAC ¶ 7.  Barr discussed compensation with Lenk, and set up two interviews with MPS.  SAC ¶ 7.  First, the Court finds that Barr's conversations with Lenk are invitations to bargains, or manifestations of willingness of MPS to enter into an

1   employment negotiation with Lenk, so do not constitute a contract. Second, Lenk's

2   employment agreement is an offer by the President and CEO of MPS, and has all of the

3   terms of employment included within it, such as his compensation, job title, and bonus

4   information. Dkt. No. 65 at Exh. A (offer letter/employment agreement). Lenk signed and

5   accepted this offer on March 12, 2012. *Id.* From the facts alleged, the Court concludes

6   that the employment agreement is an integrated agreement, and it discharges any prior

7   agreements that Lenk may have had with Barr. Therefore, the Court finds that any breach

8   of contract premised on Lenk's interaction with Barr must be denied as a matter of law, as

9   these interactions do not constitute a contract that can be breached.

10       In his opposition to the motion to dismiss, Lenk has provided the emails exchanged

11   between himself and Barr. The Court considers these as proffered facts that could be

12   included in an third amended complaint. However, the Court concludes that the emails

13   between Lenk and Barr would not cure the legal deficiency with this claim, as outlined

14   above. This claim is DISMISSED without leave to amend, in as much as a contract is

15   premised on Barr's interactions with Lenk.

16                       **b.    Employment Agreement**

17       In contrast, Lenk's employment contract is a contract that can give rise to a breach

18   claim. Lenk alleges that the contract was breached because (1) he was not given the bonus

19   he was led to believe he would be paid, and (2) his early "termination" is a breach of the

20   contract. The Court will address Lenk's constructive termination argument in section F

21   below, but for the purposes of this analysis, the Court will assume that Lenk can establish a

22   constructive termination.

23       First, Lenk alleges that MPS led him to believe that he would receive a significant

24   bonus, based on the company's profits. He argues that his employment agreement was

25   breached because MPS paid him a bonus that was less than he expected. However, the

26   agreement states, "In addition, you will be eligible to participate in the Company's semi-

27   annual bonus program, when applicable. Bonuses may be paid based on the Company's

28   financial performance and your performance; provided, however, that there is no guarantee

United States District Court
Northern District of California

that any such bonus will be paid and if paid, that the amount is subject to your Manager(s) discretion." Dkt. No. 65 at Exh. A. Because no term in the contract requires MPS to provide Lenk with a bonus, or to make bonuses available in a particular manner, this cannot be a term that is breached by the non-payment of a bonus. Therefore, there is no basis for a breach of contract based on the non-payment of a bonus.

Second, as to Lenk's termination, under California law, "[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other." Cal. Lab. Code § 2922. Thus, an employment contract cannot be breached when an employer terminates an employee unless one of the terms of the contract establishes the reasons or method for termination. Lenk argues that his employment was not at will because (1) the employment agreement provided for a 4 year vesting of stock options, and (2) the job description and requirements of the job take several years to fulfill. Dkt. No. 64 at 3. However, the employment agreement states unambiguously, "Your employment with MPS is 'at will' in that it can be terminated with or without cause, and with or without notice, at any time at the option of MPS or yourself except as otherwise provided by law." Dkt. No. 65 at Exh. A. Even if MPS terminated Lenk, this would not be a violation of the employment agreement, as Lenk was an at will employee. Therefore, the Court finds that no breach of contract claim can be premised on the non-payment of a bonus or on Lenk's termination, as these actions do not violate the terms of Lenk's employment agreement. This claim is DISMISSED without leave to amend.

## 2. Implied Covenant of Good Faith and Fair Dealing

Lenk alleges that MPS violated the implied terms of the contract because MPS violated the covenant of good faith and fair dealing. Lenk argues: "Defendant's trickery of attempting to withdraw from the obligation promised by their agent is a violation of the covenant of good faith. Defendant allows their agent Barr to promise items that are not delivered at a later time and then attempts to hide under questionable clauses to support their misrepresentation." Dkt. No. 64 at 5.

"The covenant of good faith and fair dealing, implied by law in every contract,

exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefit of the agreement actually made*." *Guz v. Betchel National, Inc.*, 24 Cal.4th 317, 349 (2000) (emphasis in original).  As a result, the covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id*.  The California Supreme Court has emphasized that "breach of the implied covenant cannot logically be based on a claim that [the] discharge [of an at-will employee] was made without good cause." *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 698 n.39 (1988).

In *Guz*, the California Supreme Court considered arguments identical to Lenk's and reasoned that the covenant of good faith and fair dealing cannot be the basis for a claim "where an employee argues that even if his employment was at will, his arbitrary dismissal frustrated his contract benefits and thus violated the implied covenant of good faith and fair dealing.  Precisely because employment at will *allows* the employer freedom to terminate the relationship as it chooses, the employer does not frustrate the employee's contractual rights merely by doing so.  In such a case, the employee cannot complain about a deprivation of the benefits of continued employment, for the agreement never provided for a continuation of its benefits in the first instance." *Guz*, 24 Cal.4th at 350 (emphasis in original).

Thus, Lenk's claim for breach of contract in violation of the covenant of good faith and fair dealing is also barred as a matter of law.  Here, no contract term provided for Lenk to receive a bonus at MPS, or protected Lenk from termination at any time.  Both the underlying breach of contract claim and the implied covenant of good faith and fair dealing claim fails are improper.  This claim is DISMISSED without leave to amend.

**B.    California Labor Code § 970, Violation of Covenant of Good Faith and Fair Dealing, Breach of Contract**

For the following causes of action where Lenk has alleged a violation of the covenant of good faith and fair dealing, and a breach of contract, the Court will not separately consider these claims.  The above reasoning applies throughout, so only the

United States District Court
Northern District of California

1   California Labor Code portion of the claim will be addressed.

2       California Labor Code § 970 provides that "No person, or agent or officer thereof,

3   directly or indirectly, shall influence, persuade, or engage any person to change from one

4   place to another in this State or from any place outside to any place within the State, or

5   from any place within the State to any place outside, for the purpose of working in any

6   branch of labor, through or by means of knowingly false representations, whether spoken,

7   written, or advertised in printed form, concerning either:

8       (a) The kind, character, or existence of such work;

9       (b) The length of time such work will last, or the compensation therefor;

10      (c) The sanitary or housing conditions relating to or surrounding the work;

11      (d) The existence or nonexistence of any strike, lockout, or other labor dispute

12   affecting it and pending between the proposed employer and the persons then or last

13   engaged in the performance of the labor for which the employee is sought."

14      This section "requires the employee to demonstrate that his or her employer made

15   'knowingly false representations' concerning the nature, duration or conditions of

16   employment." *Eisenberg v. Alameda Newspapers*, 74 Cal. App. 4th 1359, 1392 (1999).

17   "Moreover, under the statute an employee must establish that the employer induced him or

18   her to relocate or change addresses." *Id.* Allegations of fraud or misrepresentation require

19   a heightened pleading standard. Fed. R. Civ. P. 9(b). "The complaint must specify such

20   facts as the times, dates, places, benefits received, and other details of the alleged

21   fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citations

22   omitted).

23      Lenk alleges that MPS knowingly mislead him to believe his payment of a bonus

24   would be greater, that his job responsibilities were not fully disclosed, and MPS did not

25   inform him of their new permanent location. In his opposition, Lenk proffers, "Defendant

26   knew that the extra distance to the new work location would discourage candidates in the

27   opposite direction (Plaintiff) and failed to disclose this important fact." Dkt. No. 64 at 8.

28      The second amended complaint does not meet the heightened pleading standard.

1    However, from the proffers of fact that Lenk has made in his opposition and the facts

2    contained in the first amended complaint, the Court concludes that Lenk has additional

3    facts at his disposal.  Thus, amendment is not futile, and the Court will permit Lenk to

4    amend this claim.  This claim is DISMISSED WITH LEAVE TO AMEND.

5    **C.     California Labor Code § 976**

6         California Labor Code § 976 provides, "No person shall publish or cause to be

7    published any advertisement, solicitation or communication in any newspaper, poster or

8    letter, offering employment as a salesman, broker or agent, whether as an employee or

9    independent contractor, which advertisement, solicitation or communication (a) is willfully

10   designed to mislead any person as to compensation or commissions which may be earned;

11   or (b) falsely represents the compensation or commissions which may be earned."

12        Lenk alleges no facts implicating this section of the Labor Code, as it appears Lenk

13   learned about the MPS position from Barr, and spoke directly with MPS employees about

14   the compensation and commissions earned.  Therefore, Lenk has not alleged that MPS

15   falsely published information about Lenk's position.  California Labor Code § 976 is

16   inapplicable to Lenk's factual scenario, and no facts have been proffered to suggest that

17   amendment would be productive.  Thus, the Court DISMISSES this claim without leave to

18   amend.

19   **D.     California Labor Code § 2751**

20        California Labor Code § 2751 provides, "(a) Whenever an employer enters into a

21   contract of employment with an employee for services to be rendered within this state and

22   the contemplated method of payment of the employee involves commissions, the contract

23   shall be in writing and shall set forth the method by which the commissions shall be

24   computed and paid."  Subsection (c) defines "commission" and states that the term does

25   not include "bonus and profit-sharing plans, unless there has been an offer by the employer

26   to pay a fixed percentage of sales or profits as compensation for work to be performed."

27        Here, the employment agreement states that Lenk's compensation was in the form

28   of a profit-sharing or bonus plan.  Thus, this section of the Labor Code is also inapplicable

1    to Lenk's claims.  This claim is DISMISSED without leave to amend.

2    **E.    Wrongful Constructive Termination in Breach of Contract**

3            As discussed previously, Lenk's termination, regardless of whether Lenk was

4    terminated by MPS or whether he ended the employment relationship, cannot be the basis

5    of a breach of contract claim.  Thus, this claim is DISMISSED without leave to amend.

6    **F.    Wrongful Constructive Termination in Violation of Public Policy and**
     **       California Labor Code § 132A**

7

8            This cause of action requires the Court to analyze three separate components: (1)

9    constructive discharge; (2) in violation of public policy; and (3) California Labor Code §

10   132A.

11                    **1.  Constructive Discharge**

12           "Constructive discharge occurs when the employer's conduct effectively forces an

13   employee to resign.  Although the employee may say, 'I quit,' the employment relationship

14   is actually severed involuntarily by the employer's acts, against the employee's will.  As a

15   result, a constructive discharge is legally regarded as a firing rather than a resignation."

16   *Turner v. Anheuser-Busch, Inc*, 7 Cal. 4th 1238, 1245-46 (1994).  Constructive discharge

17   is not a cause of action, but can be attached to a tort or contract claim, transforming an

18   employee's resignation into a termination for purposes of that tort or contract claim.  *Id.* at

19   1251.  To plead constructive termination, an employee must allege that the employer either

20   intentionally created or knowingly permitted working conditions that were so intolerable

21   or aggravated at the time of the employee's resignation that a reasonable employer would

22   realize that a reasonable person in the employee's position would be compelled to resign.

23   *Id.*

24           Here, Lenk does not allege the facts that would transform his resignation into a

25   termination in the second amended complaint.  However, in his opposition, Lenk provides

26   more detail: "Plaintiff has previously supplied (in his First Amended Complaint)

27   significant dates and actions to support his Constructive Discharge position, including the

28   fact that at least 4 other people (2 designers, a Product Marketer and a Product Engineer)

United States District Court
Northern District of California

United States District Court
Northern District of California

1  were laid off the same week as Plaintiff's Constructive Discharge occurred.  The layoff of

2  4 people in one group (majority of the group) in one week during good financial

3  performance times (suggesting a lay-off was not necessary) indicates that the company had

4  plans to restructure the group, including Plaintiff's role." Dkt. No. 64 at 9.  Because the

5  second amended complaint is factually deficient, the Court finds that none of the claims

6  can rest upon Lenk's theory of constructive discharge as pled in the second amended

7  complaint.  However, Lenk appears to have additional facts at his disposal.  All of Lenk's

8  remaining claims rely on his theory of constructive discharge, so the Court will consider

9  Lenk's factual proffer in determining whether leave to amend is appropriate for each

10  remaining claims.

### 2.  Constructive Discharge in Violation of Public Policy

12          Although a plaintiff must sufficiently plead constructive discharge to avail himself

13  of the tort of constructive discharge in violation of public policy, the Court will assume

14  that Lenk can allege sufficient facts in an amended complaint to establish constructive

15  discharge.  To plead a claim for wrongful discharge in violation of fundamental public

16  policy, a plaintiff must plead that his dismissal violated a policy that is (1) fundamental,

17  (2) beneficial for the public, and (3) embodied in a statute or constitutional provision.

18  *Turner*, 7 Cal.4th at 1256.  Fundamental means that the policy is firmly established.  *Foley*,

19  47 Cal.3d at 670 n.11.  Beneficial to the public means that the interest advanced by the

20  policy must inure to the benefit of the public at large, rather than simply to the individual

21  employer or employee.  *Gantt v. Sentry Insurance*, 1 Cal. 4th 1083, 1095-96 (1992).  The

22  plaintiff must identify a policy or statute that "would be thwarted by his alleged

23  discharge." *Turner*, 7 Cal.4th at 1257.  Thus, Lenk must demonstrate that his constructive

24  discharge violated a policy embodied in a statute.

### 3.  California Labor Code § 132A

26          California Labor Code § 132A provides, "Any employer who discharges, or

27  threatens to discharge, or in any manner discriminates against any employee because he or

28  she has filed or made known his or her intention to file a claim for compensation with his

or her employer . . . is guilty of a misdemeanor."

Only the Workers' Compensation Appeals Board, and not any court, "is vested with [the] full power, authority, and jurisdiction to try and determine finally all matters specified in [California Labor Code § 132a] subject only to judicial review." Cal. Lab. Code § 132(a)(4). This cause of action cannot be used as a basis for wrongful termination in violation of public policy. *Dutra v. Mercy Med. Ctr. Mt. Shasta*, 209 Cal. App. 4th 750, 755 (2012). Additionally, Lenk pleads no facts that he filed a complaint against MPS during his employment. This claim is DISMISSED without leave to amend.

### G.   Wrongful Constructive Termination, California Labor Code § 223

California Labor Code § 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." First, this section does not create a private right of action. *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011). Second, Lenk pleads no facts to allege MPS has a designated wage scale, and his offer letter demonstrates that the opposite is true. Lenk was given a set salary, along with benefits outlined in the contract. This claim is DISMISSED without leave to amend.

### H.   Wrongful Constructive Termination, California Labor Code § 1102.5

A prima facie case of employment retaliation under California Labor Code § 1102.5 requires plaintiff to demonstrate that he was subjected to adverse employment action after engaging in protected activity, and that there was a causal connection between the two. *Edgerly v. City of Oakland*, 211 Cal. App. 4th 1191, 1199 (2012). An employee engages in protected activity when he "discloses to a governmental agency reasonably based suspicions of *illegal activity*." *Mokler v. County of Orange*, 157 Cal. App. 4th 121, 138 (2007) (emphasis in original). The employee must "reasonably believe . . . he was disclosing a violation of state or federal law." *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005). "To have a reasonably based suspicion of illegal activity, the employee must be able to point to some legal foundation for his suspicion—

United States District Court
Northern District of California

1   some statute, rule or regulation which may have been violated by the conduct he

2   disclosed." *Fitzgerald v. El Dorado Cnty.*, 12-cv-02932 KJN, 2015 WL 966133, at *13

3   (E.D. Cal. Mar. 3, 2015) (citing *Love v. Motion Indus., Inc.*, 209 F. Supp. 2d 1128, 1135

4   (N.D. Cal. 2004)).  Lenk points to his disclosure of MPS's alleged violation of an industry

5   committee's standards.  SAC ¶¶ 112-116.  This is not a violation of state or federal law,

6   and thus the claim is DISMISSED without leave to amend.

7       **I.    Wrongful Constructive Termination, California Labor Code § 2802(a)**

8         California Labor Code § 2802(a) provides, "An employer shall indemnify his or her

9   employee for all necessary expenditures or losses incurred by the employee in direct

10  consequence of the discharge of his or her duties, or of his or her obedience to the

11  directions of the employer, even though unlawful, unless the employee, at the time of

12  obeying the directions, believed them to be unlawful."  Lenk alleges that he was not

13  reimbursed by MPS for 5 months of work-related expenses.  In his opposition, Lenk

14  includes further details about the reimbursements as attachments.  Dkt. No. 64.  The Court

15  finds that as alleged in the second amended complaint, this claim lacks factual detail.

16  However, Lenk appears to have more specific information available.

17        Lenk has proffered more factual information for the constructive discharge claim

18  and California Labor Code § 2802(a), which the Court finds could cure the deficiencies in

19  the second amended complaint.  Thus, the Court dismisses this claim WITH LEAVE TO

20  AMEND.  For this claim to proceed, the Court notes that Lenk must sufficiently plead (1)

21  constructive discharge; (2) in violation of California Labor Code § 2802(a); and (3) a

22  causal connection between MPS's failure to reimburse and Lenk's termination.

23  **IV.  CONCLUSION**

24        In conclusion, the Court has considered each of Lenk's causes of action, construing

25  his pleadings liberally.  The Court has also taken into account Lenk's factual proffers, from

26  his prior complaints and his opposition, in determining whether amendment is futile.  The

27  Court finds that the following claims fail to state a claim, and GRANTS the motion to

28  dismiss without leave to amend: breach of contract, implied covenant of good faith and fair

United States District Court
Northern District of California

dealing, and the California Labor Code §§ 2751, 123A, 223, 1102.5 claims, as presented in the complaint.

The Court GRANTS the motion to dismiss WITH LEAVE TO AMEND as to Lenk's California Labor Code § 970 claim, and his theory of constructive termination in violation of the public policy of California Labor Code § 2802.

Lenk may submit an amended complaint within 14 days.  The amended complaint is limited to alleging these two causes of action and the relevant facts.  The amended complaint may not include additional causes of action or parties.

**IT IS SO ORDERED.**

Dated:  November 23, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California