UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH LAWRENCE LENK,

    Plaintiff,

    v.

MONOLITHIC POWER SYSTEMS, INC.,

    Defendant.

Case No.15-cv-01148 NC

**ORDER GRANTING MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

Re: Dkt. No. 82

Plaintiff Kenneth Lenk sues his former employer, Monolithic Power Systems, for wrongful "constructive" termination. Lenk was employed by MPS for about one year before he left. During that year, Lenk alleges that MPS did not pay him a 25% bonus that he was owed, and forced Lenk to end his employment using a variety of unlawful tactics.

The Court previously dismissed Lenk's federal causes of action and seven state law causes of action without leave to amend, but permitted Lenk to amend two state law causes of action. Dkt. Nos. 70, 80. Now, the Court considers MPS' motion to dismiss Lenk's third amended complaint, alleging the two remaining state law claims. The Court finds that Lenk has failed to state a claim for wrongful constructive termination, and that Lenk did not relocate as required for his California Labor Code § 970 claim. The Court GRANTS the motion to dismiss without leave to amend.

//

Case No. 15-cv-01148 NC

## I. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. DISCUSSION

### A. Wrongful Constructive Termination In Violation of Public Policy, California Labor Code § 2802(a)

Lenk alleges that MPS failed to reimburse him for expenses, which caused him embarrassment and forced him to resign. This cause of action requires the Court to analyze three separate components: (1) constructive discharge; (2) in violation of public policy; and (3) California Labor Code § 132A.

"Constructive discharge occurs when the employer's conduct effectively forces an employee to resign. Although the employee may say, 'I quit,' the employment relationship is actually severed involuntarily by the employer's acts, against the employee's will. As a result, a constructive discharge is legally regarded as a firing rather than a resignation." *Turner v. Anheuser-Busch, Inc*, 7 Cal. 4th 1238, 1245-46 (1994). Constructive discharge is not a cause of action, but can be attached to a tort or contract claim, transforming an employee's resignation into a termination for purposes of that tort or contract claim. *Id.* at 1251. To plead constructive termination, an employee must allege that the employer either

intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign. *Id.* "The mere existence of illegal conduct in a workplace does not, without more, render employment conditions intolerable to a reasonable employee." *Id.* at 1254. The Supreme Court in *Turner* cautioned that there should be a causal link between the employer's wrongful and illegal actions and plaintiff's resignation. Finally, the Court noted that constructive discharge requires a "continuous pattern of harassment." *Id.* at 1255.

Here, Lenk alleges that "reporting of his expense reimbursement issue to HR lead to the hostile environment and constructive discharge actions performed by his manager Sciammas and/or the company." TAC ¶ 70. However, Lenk also alleges that "Given the complaint about the California Labor Code violation, MPS HR's Wei promptly resolved some of the expense reimbursement issue by issuing a check the same day as a partial payment of the outstanding expenses." TAC ¶ 35.

Lenk's own allegations demonstrate that there was no pattern and practice of harassment at MPS sufficient to convert Lenk's resignation into an unlawful discharge. Lenk's other allegations that MPS created a hostile work environment by reducing his work and providing insufficient support are not related to his Labor Code claim. This claim is DISMISSED.

### B.     California Labor Code § 970

California Labor Code § 970 provides that "No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either:

(a) The kind, character, or existence of such work;

(b) The length of time such work will last, or the compensation therefor;

Case No.15-cv-01148 NC            3

1   (c) The sanitary or housing conditions relating to or surrounding the work;

2   (d) The existence or nonexistence of any strike, lockout, or other labor dispute

3   affecting it and pending between the proposed employer and the persons then or last

4   engaged in the performance of the labor for which the employee is sought."

5   This section "requires the employee to demonstrate that his or her employer made

6   'knowingly false representations' concerning the nature, duration or conditions of

7   employment." *Eisenberg v. Alameda Newspapers*, 74 Cal. App. 4th 1359, 1392 (1999).

8   "Moreover, under the statute an employee must establish that the employer induced him or

9   her to relocate or change addresses." *Id.*  Allegations of fraud or misrepresentation require

10  a heightened pleading standard.  Fed. R. Civ. P. 9(b).  "The complaint must specify such

11  facts as the times, dates, places, benefits received, and other details of the alleged

12  fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citations

13  omitted).

14  Here, Lenk does not allege that he relocated for the work, but rather that MPS

15  relocated farther away from his house.  TAC ¶¶ 100-102.  Lenk alleges that he assessed

16  whether to move, but decided not to move until his daughter finished high school.  TAC ¶

17  101.  Thus, Lenk cannot meet the threshold requirement to allege a claim under California

18  Labor Code § 970.  This claim is DISMISSED.

### C. Leave to Amend

20  Generally, a Court must grant leave to amend freely.  Fed. R. Civ. P. 15(a).

21  However, in granting leave to amend, the Court considers: (1) undue delay; (2) bad faith;

22  (3) prejudice to the opponent; and/or (4) futility of the proposed amendment.  *Loehr v.*

23  *Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984) (citing

24  *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  In *Lockheed Martin Corp. v. Network*

25  *Solutions, Inc.*, the Ninth Circuit determined that the district court properly denied leave to

26  amend because the plaintiff's "legal basis for a cause of action is tenuous, [so] futility

27  supports the refusal to grant leave to amend." 194 F.3d 980, 986 (9th Cir. 1999)(citing

28  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Case No.15-cv-01148 NC            4

1  In addition, a court may also consider whether the plaintiff has previously amended his complaint. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 n.3 (9th Cir. 1987). "Where a court has already provided the plaintiff one or more opportunities to amend her complaint, its discretion over further amendments is particularly broad." *Dauth v. Convenience Retailers, LLC*, 13-cv-047 MEJ, 2013 WL 4225587, at *2 (N.D. Cal. July 31, 2013).

Here, Lenk has filed three complaints, several oppositions to motions to dismiss, and attached voluminous additional documentation with his complaints and motions. The Court finds amendment of these claims would be futile because Lenk has no further facts that could remedy the deficiencies outlined above, and Lenk has had several opportunities to amend his complaint. Thus, the Court dismisses the claims without leave to amend.

## III. CONCLUSION

The Court GRANTS MPS's motion to dismiss Lenk's remaining claims without leave to amend.

**IT IS SO ORDERED.**

Dated: March 31, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge